IN the INTEREST OF R.B., a Minor:
STATE of Wisconsin, Plaintiff-Respondent,

v.

R.B., Defendant-Appellant.

Court of Appeals

*No. 81–2194. Submitted on briefs April 26, 1982.—
Decided June 15, 1982.*
(Also reported in 322 N.W.2d 502.)

For the appellant the cause was submitted on the brief of *Chas. B. Avery* of Antigo.

For the respondent the cause was submitted on the brief of *Carl K. Buesing*, district attorney, of Antigo.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J. R.B., a minor, appeals from a judgment convicting him of possessing beer in violation of sec. 66.054(20)(b), Stats.[1] R.B. argues that the evidence was insufficient to prove that he possessed beer.[2] Be-

---

[1] Section 66.054(20)(b), Stats., reads:

A minor, not accompanied by parent, guardian or adult spouse, may not possess fermented malt beverages. A person who violates this paragraph is subject to a forfeiture of not more than $25, except that disposition in proceedings against a person under 18 years of age shall be as provided by s. 48.344.

Chapter 79 § 8, Laws of 1981, amends and recodifies § 66.054 (20)(b) as § 125.07(4), Stats. (1981). This revision of the statute reads in part:

Possession of alcohol beverages; consumption in public places; penalties. . . . [A]ny person under the age of 18 years, not accompanied by his or her parent, guardian or adult spouse, who knowingly possesses or who consumes in public any fermented malt beverages is subject to a forfeiture of not more than $25 . . . .

It will become effective July 1, 1982. Since our disposition of this case rests upon our interpretation of the term "possess" and not "knowing," our holding is unaffected by this statutory modification.

[2] Although fermented malt beverage is a broader term than beer, § 66.054(1)(j), Stats., for purposes of this opinion the two terms will be used as synonyms.

cause we conclude that a showing of R.B.'s mere presence at a beer party, even with knowledge of the alleged possession of beer by other minors, is not sufficient to convict R.B. of violating sec. 66.054(20)(b), we reverse.

R.B. admitted that he attended a beer party with his friends. He denied obtaining beer, drinking beer, or intending to drink beer. The trial court found that R.B. "was at the party to talk and visit with others, but did not drink any beer. He knew it was a beer party and beer was available but was there to talk and just be there."

The state relies on *State v. Dodd,* 28 Wis. 2d 643, 649–50, 137 N.W.2d 465, 468 (1965), and later decisions in which the court held that a defendant possesses a controlled substance when (1) the defendant knows of the substance's presence, (2) the substance is immediately accessible, and (3) the defendant exercises dominion or control over the substance. Using these criteria, possession can occur without physical possession. The state claims that R.B. constructively possessed beer because he admitted the first two criteria and because it is a matter of common knowledge that anyone attending a beer party can help himself or herself to the beer.

The parties cite no prior decision interpreting sec. 66.054(20)(b), and our research has located none. Interpretation of a statute is a question of law, and we decide questions of law without deference to the trial court's decision.[3]

We conclude that the mere presence of R.B. at the party, even coupled with his knowledge of the presence of beer and its accessibility to him, is insufficient to constitute possession for purposes of sec. 66.054(20)(b).

[3] *Roe v. Larson,* 94 Wis. 2d 204, 206, 287 N.W.2d 824, 825 (Ct. App. 1979), *rev'd on other grounds,* 99 Wis. 2d 332, 298 N.W.2d 580 (1980).

Even under *Dodd,* the opportunity to possess, standing alone, does not establish possession. There must additionally be the exercise of some dominion or control over the substance. Unfortunately, the terms "dominion" and "control" are nothing more than labels used by courts to characterize a given set of facts. They are not informative in any functional manner and have been appropriately subject to criticism. *See* Whitebread and Stevens, *Constructive Possession In Narcotics Cases: To Have And Have Not,* 58 Va L Rev 751 (1972). To be functional, the dominion and control necessary to permit conviction based on constructive rather than actual possession requires that the facts permit the inference of an intent to possess.

Constructive possession is a legal concept used by courts to find possession where the facts and circumstances demand that the individual acquire the legal status of a possessor. In applying this concept, however, we must keep in mind that the basic question is whether the defendant did in fact possess the prohibited item. Blind application of the constructive possession concept as proposed by the state would require a finding of possession in many instances where possession in fact does not exist. This case is a good example. Under the state's theory of constructive possession, liability would be imposed upon a minor for being present at a place where beer is being used. Presumably, the individual who knows of its use must either leave or report a violation. Arguably, absent express statutory prohibition of a minor being in the presence of beer, judicial use of a possession statute to impose such broad liability usurps the legislature's proper function.

If the doctrine of constructive possession is to have a rational role in the law, the inquiry must focus on the control element of the general possession offense. Unless

actual control exists, there must be found from the surrounding facts and circumstances, aided by reasonable inferences, an intent to exercise control over the prohibited item. Without such a finding, there can be no constructive possession. The trial court finding that R.B. did not intend to possess the beer must therefore defeat the conviction. Intent to possess or evidence that would support an inference of possession are absent.

The need to efficiently enforce sec. 66.054(20)(b) does not require conviction on the state's claim of constructive possession. Violations of sec. 66.054(20)(b) are civil matters.[4] The state does not have to prove the violations beyond a reasonable doubt.[5] The state may require the minor to testify adversely.[6] If numerous minors are apprehended together, they are subject to questioning on each other's actual possession. A minor's physical behavior could also constitute evidence of consumption and support an inference of possession, as could an officer's testimony of the smell of beer on a minor's breath. These sources of evidence are readily available to prove a minor's possession of beer.

*By the Court.*—Judgment reversed.

---

[4] *See* § 939.12, Stats.

[5] *Cf.* § 345.45, Stats. (burden is clear, satisfactory, and convincing for purposes of traffic regulations); *City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 22, 291 N.W.2d 452, 459 (1980) (municipal ordinance violations must be proved by clear, satisfactory, and convincing evidence).

[6] To assert a right against self-incrimination, a witness must have an appreciable apprehension that the information requested could be used against him in a criminal proceeding. *Grant v. State,* 83 Wis. 2d 77, 81, 264 N.W.2d 587, 590 (1978).