STATE of North Dakota, Plaintiff and Appellee,

v.

Douglas J. SAUL, Defendant and Appellant.

Cr. No. 957.

Supreme Court of North Dakota.

March 21, 1984.

Robert G. Hoy, State's Atty., argued Fargo, for plaintiff and appellee.

William Kirschner, argued, Fargo, for defendant and appellant.

ERICKSTAD, Chief Justice.

This is an appeal by the defendant, Douglas J. Saul, from a judgment of conviction entered by the County Court of Cass County on July 26, 1983, finding him guilty of attempted theft of property in violation of Sections 12.1–06–01 and 12.1–23–02 of the North Dakota Century Code. We affirm.

In a criminal complaint dated May 23, 1983, Christopher R. Lehse, not a party to this appeal, and appellant Saul were jointly charged with committing the offenses of attempted theft of property and theft of property on or about May 21, 1983, outside the Hardees restaurant in the northside of Fargo. Count one of the complaint alleged that Lehse and Saul, individually and each aiding the other, knowingly attempted to take the wallet and wristwatch of Tim Lester. Count two of the complaint alleged that Saul and Lehse, individually and each aiding the other, knowingly took unauthorized control over Tim Lester's bicycle.

On May 23, 1983, Saul pled guilty to the theft of the bicycle and was sentenced to 30 days imprisonment in the county jail. Saul and Lehse were tried together on the remaining charges pursuant to Rule 13, N.D.R.Crim.P. The trial court found Saul guilty as to count one, the attempted theft of the wallet and wristwatch, and found Lehse guilty as to count two, the theft of the bicycle.[1] Saul was sentenced to 30 days imprisonment in the county jail with credit for time served on count two, which sentence was suspended for one year on the condition that he be placed on supervised probation, pay court costs of $150, and complete 60 hours of community service.

Saul's contention on appeal is that the evidence is insufficient to support the judgment of conviction for criminal attempt. Our standard of review in cases challenging the sufficiency of the evidence to sustain a trial court's finding of guilt is well-settled:

"We have often stated that in a criminal trial to the court without a jury, the trial court is the trier of facts and thus its findings will have the same force and effect as a jury verdict upon review in the appellate court. *State v. Engebretson*, 326 N.W.2d 212, 215 (N.D.1982); *State v. Berger*, 235 N.W.2d 254, 263 (N.D.1975), *cert. denied*, 425 U.S. 913, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976); *State v. Berger*, 234 N.W.2d 6, 12 (N.D.1975); *State v. Neset*, 216 N.W.2d 285, 287 (N.D.1974); *City of Minot v. Spence*, 123 N.W.2d 836, 837 (N.D.1963). Thus, our standard of review in cases challenging the sufficiency of the evidence to sustain a conviction is the same whether or not the defendant attacks a jury's finding of guilt or a trial court's finding of guilt.

"Recently, in *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982), we stated that:

" 'Past decisions of this court have well established the standard of review which we will employ in cases challenging the sufficiency of evidence to sustain a conviction. In such cases we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Cox*, 325 N.W.2d 181 (N.D.1982);

---

1. The trial court dismissed, on the State's motion, the charge of attempted theft against Lehse.

*State v. Olson,* 290 N.W.2d 664 (N.D. 1980); *State v. Larson,* 274 N.W.2d 884 (N.D.1979); *State v. Piper,* 261 N.W.2d 650 (N.D.1978); *State v. Allen,* 237 N.W.2d 154 (N.D.1975).' "

*State v. Christian,* 328 N.W.2d 815, 817 (N.D.1982).

Tim Lester, age 16, his brother Scott Lester, age 13, and another young boy were leaving the Hardees restaurant on their bicycles at about midnight on May 21, 1983. Two larger boys, one of whom wore glasses and was riding a bicycle, approached Tim in the Hardees' parking lot. Scott testified at trial that he was riding his bicycle several feet ahead of Tim. Scott heard "some banging," then turned around and saw Saul, "the one with the glasses on," turn the front wheel of his bicycle into the back wheel of Tim's bicycle. Tim testified as follows:

"A. Well, we come out of Hardees and they didn't say anything to us. And we, then we came out and we started riding away. And we got out by the street and the one with the glasses, he grabbed me and demanded my watch and my wallet with my money in it.

"Q. What did you say?

"A. I said, 'No,' and dropped my bike and started running.

"Q. How did he grab you, Tim?

"A. By my shoulder on my jacket.

"Q. Was he in front of you or behind you or where was he?

"A. He was right beside me.

"Q. You said he demanded your watch and your money. Do you recall exactly what he told you?

"A. He said, 'Give me your money and your watch.' "

Tim identified Saul as the person who grabbed him and demanded his wallet and watch.

"Q. (By Mr. Hoy) Tim, just so we have got a clear record here, you've identified the two gentlemen essentially sitting right over here (indicating) as being the two people that confronted you outside of Hardees that night; is that correct?

"A. Yes.

"Q. Now one of these gentlemen is wearing glasses and one is not. Is the gentleman that's wearing glasses; that is, Mr. Saul, is he the gentleman that grabbed you by the shoulder asked for your wallet and your money?

"A. Yes."

A person can be found guilty of a criminal attempt if "acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime." Section 12.1–06–01(1), N.D.C.C. A "substantial step" is defined in Section 12.-1–06–01(1) as "any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime."

Saul argues that the grabbing of Tim Lester's shoulder and a request for his wallet and watch "can hardly be considered a substantial step toward commission of the crime of theft when no threat, express or implied, was given."

Our theft of property statute, Section 12.1–23–02, N.D.C.C., reads as follows:

"A person is guilty of theft if he:

1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;

2. Knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or

3. Knowingly receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof."

Only subsection (2) of Section 12.1–23–02 requires, in a prosecution for theft, proof beyond a reasonable doubt that a defendant knowingly obtained or intentionally deprived another of his property by deception

or by *threat*. We are not convinced that Saul's conduct did not constitute a threat to Tim Lester. *See* Section 12.1–23–10(11), N.D.C.C.;[2] *State v. Weippert,* 237 N.W.2d 1, 3–5 (N.D.1975). In any case, the language of the criminal complaint corresponded to subsection (1), which does not require a threat, in alleging that Saul knowingly "attempted to *take* the property of another with intent to deprive the owner thereof" by demanding that Tim Lester turn over his watch and wallet. [Emphasis added.]

Having reviewed the evidence presented at trial in a light most favorable to the trial court's judgment of conviction, we conclude that there is substantial evidence to prove that Saul, by grabbing the shoulder of Tim Lester's jacket and demanding his wallet and watch, intentionally engaged in conduct which constituted a substantial step toward committing the crime of theft of property. The trial court could very reasonably have concluded that Saul's conduct constituted an attempt to knowingly take unauthorized control over Tim Lester's wallet and watch with intent to deprive him of both.

Accordingly, the judgment of conviction is affirmed.

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.

---

2. Section 12.1–23–10(11), N.D.C.C., defines the word "threat" for purposes of Chapter 12.1–23 in part as follows:

  "11. 'Threat' means an expressed purpose, *however communicated,* to:

    a. Cause bodily injury in the future to the person threatened or to any other person; or

    b. Cause damage to property; or

    c. Subject the person threatened or any other person to physical confinement or restraint; or

    d. Engage in other conduct constituting a crime ...." [Emphasis added.]