THE CITY OF CARBONDALE, Plaintiff-Appellee, v. ERIK TODD NELSON, Defendant-Appellant.

Fifth District   No. 5—85—0023

Opinion filed September 18, 1985.

Elizabeth Berg Streeter, of Southern Illinois University, of Carbondale, for appellant.

Barbara J. Colvin, Assistant City Attorney, of Carbondale, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Erik Todd Nelson was adjudged guilty by the circuit court of Jackson County, sitting without a jury, of unlawful possession of alcohol by a minor in violation of a Carbondale city ordinance. (Carbondale Rev. Code, ch. 14, sec. 4—1—a.) He was fined $250 plus costs. On appeal, defendant argues that the State failed to sustain its burden of proving his possession of alcohol by a preponderance of the evidence.

There is no verbatim transcript in the record. Rather, the parties submitted an agreed statement of facts in lieu of a report of proceedings in accordance with Supreme Court Rule 323(d) (87 Ill. 2d R. 323(d).) The facts can be summarized as follows:

Carbondale police officer Mel Krekel testified that he was inside the Hangar Nine tavern on October 24, 1984, and observed the defendant at a table with three other people. He testified that he saw the defendant holding a glass of beer in his hand. He approached the table and asked the defendant for identification. Upon discovering that the defendant was under the legal age for possession of alcohol, Officer Krekel arrested him. On cross-examination, Officer Krekel stated that he prepared a police report regarding defendant's arrest and that his use of the words "had a beer in his possession" meant that the defendant had the beer in his hand. Officer Krekel further testified that he did not notice any odor of alcohol on defendant's breath.

Defendant testified that he had gone to the Hangar Nine to hear the band play and had been there about half an hour when he was arrested. He testified that there were four other people at his table. He testified that he did not purchase, possess nor drink any alcohol that evening. He testified that Art Fournier and Bill Cizek, both of legal age, went to the bar and returned with four beers each but that neither of them gave him any beer. According to the defendant, there were eight beers on the small round table around which the five people were sitting.

Art Fournier testified that he was at a table with the defendant and three other people. The Hangar Nine offered a five-cent beer special, so he went to the bar to get four beers at the special price. He saw Cizek also return to the table with four beers. He testified that there was nothing on the table at the time of the arrest except the eight beers. He testified that he was sitting next to the defendant but that he did not give any beer to the defendant nor did he see him drink anything that evening.

Bill Cizek likewise testified that there were five people at the table, that he was next to the defendant but that he did not give him any beer, and that the defendant was not drinking that evening. He testified that he and Fournier went to the bar and bought four beers each because of the five-cent special.

The agreed statement of facts concludes with a summary of the trial court's action. It is agreed that the trial court noted that the defendant had been charged with illegal possession rather than illegal consumption of alcohol. Had he been charged with illegal consumption, said the trial court, it would have found him not guilty. The trial court concluded, however, that everyone at a table in a bar is in "constructive possession" of the alcohol on that table, therefore, the defendant was guilty of illegal possession of alcohol.

■ Violation of the instant ordinance must be proved by a clear preponderance of the evidence. (*City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 232 N.E.2d 289.) The city prosecuted its case on the strength of Officer Krekel's observation of actual possession of alcohol in the hands of the minor defendant. If it were true that defendant did have a beer in his hand this, seemingly, would be sufficient evidence to support a conviction for illegal possession. Defendant, however, offered significantly conflicting accounts, all consistent and all reasonable, as to the number of people sitting at the table and as to whether the defendant bought, held, drank or was given beer. While the question of credibility of the witnesses is preeminently one for the trier of fact, we are not persuaded that the trial court was convinced by Officer Krekel's testimony. Were it otherwise, surely the concept of "constructive possession" never would have been addressed by the trial court. It appears clearly from the agreed statement of facts that the trial court based its decision solely upon the defendant's "constructive possession" of alcohol by virtue of his presence at the table.

■ To prove constructive possession there must be a showing that the defendant had the immediate and exclusive control of the area where the items were located. (*People v. Millis* (1969), 116 Ill. App. 2d 283, 287, 252 N.E.2d 395, 397.) "Immediate and exclusive control" has been variously interpreted, mostly in cases involving narcotics, but sometimes in cases involving underage possession of alcohol. (See, *e.g., People v. Monroe* (1975), 31 Ill. App. 3d 111, 333 N.E.2d 239 (abstract of opinion); *People v. Millis* (1969), 116 Ill. App. 2d 283, 252 N.E.2d 395.) The narcotics cases, while instructive, are distinguishable from this case in that the beer is not contraband unless possessed by a minor. To say that the minor defendant possessed it by his proximity, thus making it contraband as to him, is to ignore that the burden is on the plaintiff to prove the ordinance violation by a clear preponderance of the evidence. The preponderance of the evidence in this case makes it clear that Fournier and Cizek, both adults, bought the beers and brought them to the table. There is a reasonable explanation for the number of beers purchased. Both of them and the defendant testified that the defendant was not given any beer and that he did not drink any. There is no evidence that defendant drank any beer, evidence which undoubtedly would support the city's case for possession. It would seem just as likely that defendant picked up a glass to move it as that he exercised control for the purpose of claiming it as his own, if in fact he did pick up a glass, a fact which, as noted before, the trial court was apparently not willing to accept as conclusively true.

In short, we believe the trial court abused its discretion in applying the law of constructive possession to these facts. There has been no adequate showing of immediate and exclusive control by the defendant of the eight glasses of beer on the small round table around which at least four and possibly five people, all presumably adults except the defendant, were sitting. We cannot in good reason affirm the trial court's determination of constructive possession on this record. Therefore, we conclude that defendant was not proved to be in violation of the instant ordinance by a preponderance of the evidence and consequently we reverse his conviction.

Reversed.

WELCH and KASSERMAN, JJ., concur.