STATE of North Dakota, Plaintiff and Appellee,

v.

Wayde Allen JOHNSON, Defendant and Appellant.

Cr. No. 870392.

Supreme Court of North Dakota.

June 28, 1988.

Edward J. Murphy (argued), Fargo, for defendant and appellant.

Melody R.J. Jensen (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

LEVINE, Justice.

Defendant Wayde Allen Johnson appeals from a judgment of conviction of theft of property under NDCC § 12.1-23-02(1). We reverse.

On February 12, 1987, at 1:30 a.m., Kim Barsness drove his 1983 Chevrolet pickup to a party at trailer No. 85 in the Meadowpark Trailer Court in Fargo, North Dakota. His ignition key was broken and remained at all times in the ignition. An hour or two later, Barsness left the party only to find his truck missing. He reported the theft to the police.

Defendant Johnson was also at a party, at trailer No. 51, located three-quarters of a block away from the trailer Barsness visited. Johnson testified that he left his party between 2:30 and 3:00 a.m.

At 6:45 a.m. a West Fargo police officer found the stolen pickup parked in the right-hand lane of traffic, near the intersection of First Street and Thirteenth Avenue in West Fargo. The truck's engine was running, its headlights and left blinker were on, and Johnson was seated inside, asleep over the steering wheel. Johnson had vomited on himself and on the seat and floorboard of the driver's side of the pickup.

Johnson testified that he was standing outside of trailer No. 51 when Barsness' pickup stopped in front of him and the driver asked if there was a party in progress. Johnson responded that the police had broken up the party. Johnson asked for a ride home and after he got into the truck he passed out. Johnson testified that he was later awakened by the driver and told that the driver would be "right back." Johnson fell asleep again. Later Johnson awoke, moved into the driver's seat to turn on the heater, and fell asleep again.

Johnson waived jury trial and was convicted of theft of property under NDCC § 12.1-23-02(1) in the Cass County district court. Johnson appealed.

Johnson takes issue with the following remarks by the trial judge at the end of the trial:

"THE COURT: I can't find the defendant guilty beyond a reasonable doubt of

taking that truck, but he certainly was exercising unauthorized control over it. The only proof we have is that the owner didn't grant anybody permission to use that truck. If Mr. Johnson is found in the truck three or four hours later behind the wheel with the engine running, with the signal lights on and the headlights—I don't recall if the headlights were on—signal lights were on, that's exercising unauthorized control.

"MR. MURPHY: Not if you don't know the car is stolen, Your Honor.

"THE COURT: Oh, I can—I don't believe that's right, Mr. Murphy. He's not charged with receiving stolen property, he's charged with exercising unauthorized control.

"Court finds the defendant guilty."

█ Johnson first argues that the trial judge's comments that the State did not have to prove Johnson knew the pickup was stolen, indicate that the judge eliminated the culpability requirement of "knowingly," contained in NDCC § 12.1–23–02(1). We disagree.

NDCC § 12.1–23–02 reads:

"A person is guilty of theft if he:

1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof.

2. Knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or

3. Knowingly receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof."

█ To establish theft of property under NDCC § 12.1–23–02(1), the State must prove three elements: (1) knowingly (2) takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another (3) with intent to deprive the owner thereof. *See State v. Bourbeau*, 250 N.W.2d 259 (N.D.1977).

█ The word "knowingly" applies to an actor who knows, or has a firm belief unaccompanied by substantial doubt, that he is engaging in the proscribed conduct. NDCC § 12.1–02–02(1)(b); *State v. Kaufman*, 310 N.W.2d 709 (N.D.1981).

█ Ordinarily, where culpability is required, that kind of culpability is required with respect to every element of the conduct and to those attendant circumstances specified in the definition of the offense. NDCC § 12.1–02–02(3)(a). This means that not only does the State have to prove defendant knowingly performed the proscribed act, *i.e.*, taking or exercising control, but also that defendant knew of the existence of the specified attendant circumstances, *i.e.*, that his control was unauthorized. Accordingly, in order to convict Johnson of theft of property by exercising unauthorized control, the State must prove that he knew he was exercising control over the property, and that he knew his control was unauthorized. *See* National Commission on Reform of Federal Criminal Laws, II Working Papers at 920 (1970).[1]

Thus, the trial court was correct when it observed that under subsection one of NDCC § 12.1–23–02, knowledge that the property was stolen is not an element of the offense. Knowledge that the property was stolen is an element of theft of property under NDCC § 12.1–23–02(3), which covers the crime of receiving stolen property, but is not an element which the State must prove under NDCC § 12.1–23–02(1), under which defendant was charged and convicted in this case. Accordingly, we conclude that the trial court did not read "knowing-

---

**1.** Because NDCC §§ 12.1–23–02 and 12.1–02–02(1)(b) are identical to §§ 1732 and 302(1)(b) of the proposed Federal Criminal Code, we may look to the drafters' official commentaries for insight into the meaning and application of our statutes. *State v. Lang*, 378 N.W.2d 205 (N.D. 1985); *State v. Bourbeau*, 250 N.W.2d 259 (N.D. 1977).

ly" out of NDCC § 12.1–23–02(1) when it stated that "knowledge that the car was stolen" was not an element of the prosecution's case.

■ Johnson next argues that there is insufficient evidence of the third element of the crime, the intent to deprive the owner of the property. We agree.

■ In a criminal trial to the court without a jury, our standard of review is the same as if the case had been tried to a jury. *State v. Saul,* 346 N.W.2d 282 (N.D.1984). In cases challenging the sufficiency of the evidence to sustain a conviction, we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *Ibid.*

Viewing the evidence in the light most favorable to the trial court's finding of guilt, we believe the State produced sufficient evidence to establish that Johnson, as he sat behind the wheel of the pickup, exercised unauthorized control over it; and that he knew his control over the pickup was unauthorized. Even under Johnson's version of the facts, he did not have the consent of the alleged good Samaritan to sit behind the wheel of the vehicle.

However, there is no evidence to support the finding that Johnson intended to deprive the owner of the pickup. NDCC § 12.1–02–02(1)(a) defines an intentional act as conduct that a person engages in with a purpose to do so.

To support its finding of intent to deprive, the trial court relied upon the fact that Johnson had possession and control of the pickup three to four hours after it was reported missing. However, the trial court also found that there was insufficient evidence that Johnson "took" the pickup. If there was insufficient proof that Johnson took the pickup from the trailer court, then the three to four hours the owner was deprived of his pickup cannot be wholly attributed to Johnson. If, as the trial court deduced, Johnson gained control of the pickup at some time after the pickup was taken from the trailer court, then Johnson's control of the pickup was exercised for some period of less than three to four hours, and it is inconsistent for the trial court to rely on the three-to-four-hour-period as evidence against Johnson.

There is no evidence indicating how long Johnson was in control of the pickup. There is no other evidence from which the trial court could reasonably infer that Johnson intended to deprive the owner of the pickup.

Accordingly, we hold there is insufficient evidence to uphold the judgment of conviction for theft of property under NDCC § 12.1–23–02(1).

We reverse the judgment of conviction.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.