**CITY OF WAHPETON, Plaintiff and Appellee,**

v.

**Cory Wayne WILKIE, Defendant and Appellant.**

**Cr. No. 910046.**

Supreme Court of North Dakota.

Nov. 12, 1991.

Todd A. Muehler (argued), Asst. City Atty., Wahpeton, for plaintiff and appellee.

Christian M. Anderson (argued), Wahpeton, for defendant and appellant.

GIERKE, Justice.

Corey Wilkie appeals from a conviction for possession of alcohol by a person under 21 years of age. Wilkie was charged and convicted under Wahpeton City Ordinance Section 22–212[1]. We reverse.

The basic facts of this case are not disputed. Wilkie was a co-renter with Clinton R. Kessler in Wahpeton, North Dakota. On November 23, 1990 Kessler invited several friends over for a party where alcoholic beverages were served. Wilkie did not participate in the party. When he came to the apartment at about 9:30 p.m., he gave his roommate "guff" about having the party. He was in the apartment with a friend for about 15 minutes and then left. Wilkie returned at about 2:30 a.m. with a friend and the party was still in progress. Wilkie again gave Kessler "guff" about having a party, then went into his bedroom. Approximately 15 minutes later, Wilkie's friend left and Wilkie went into the living room to watch T.V. Within approximately five minutes, the Wahpeton police officers arrived at the apartment.

The officers discovered alcohol in the possession of a person known to be under the age of 21. Kessler told the officers that he rented the apartment and that he had purchased the alcohol. He informed the police that his roommate was not in the apartment. However, when everyone was requested to leave the apartment, the officers recognized Wilkie as one of the people who left. Later, when the officers were questioning Kessler, he stated that Corey Wilkie was his roommate. Subsequently, when Kessler refused to disclose where he had purchased the alcohol, the officers charged Wilkie with possession in violation of Wahpeton City Ordinance Section 22–212.

▮ The City of Wahpeton asserts that possession can be either actual or constructive. *State v. Morris*, 331 N.W.2d 48, 53 (N.D.1983) (citation omitted). However, a conviction based on constructive possession "requires that the facts permit the inference of an intent to possess." *In Interest of R.B.*, 108 Wis.2d 494, 322 N.W.2d 502, 503 (1982). "Unless actual control exists, there must be found from the surrounding facts and circumstances, aided by reasonable inferences, an intent to exercise con-

---

1. Section 22–212(2) provides:

"Any person under 21 years of age purchasing, attempting to purchase, or being in possession of alcoholic beverages, or furnishing money to any person for such purchase within the City of Wahpeton is guilty of a class B misdemeanor and shall be punished by a fine not to exceed $500.00 or imprisonment not to exceed 30 days or both such fine and imprisonment and shall, if a fine is imposed, be fined not less than $300.00. The court may, under this subsection, refer the person to any outpatient addiction facility licensed by the North Dakota Department of Health for evaluation and appropriate counseling or treatment."

This ordinance is obviously modeled after Section 5–01–08, N.D.C.C., which reads:

"Persons under twenty-one years of age prohibited from purchasing, consuming, or possessing alcoholic beverages or entering licensed premises—Penalty—Exceptions—Re-ferrals to addiction facilities. Except as permitted in this section and section 5–02–06, any person under twenty-one years of age purchasing or attempting to purchase alcoholic beverages, consuming alcoholic beverages other than during a religious service, being under the influence of alcoholic beverages, or being in possession of alcoholic beverages, or furnishing money to any person for such purchase, or entering any licensed premises where alcoholic beverages are being sold or displayed, except a restaurant when accompanied by a parent or legal guardian, or in accordance with section 5–02–06, or if the person is a law enforcement officer entering the premises in the performance of official duty, is guilty of a class B misdemeanor. The court may, under this section, refer the person to an outpatient addiction facility licensed by the state department of human services for evaluation and appropriate counseling or treatment."

trol over the prohibited item." *Id.* 322 N.W.2d at 504.

The City contends that the fact that Wilkie was a co-renter establishes that he had dominion and control over the premises. The City also asserts that when he went into the living room where alcohol was being consumed, he was in constructive possession of the alcohol. The trial judge determined that Wilkie "acquiesced" in the presence of the alcohol by sitting in the room with others who were consuming.

■ This case was heard by the court, not by a jury. However, the standard of review remains the same. *State v. Johnson,* 425 N.W.2d 903, 906 (N.D.1988); *State v. Saul,* 346 N.W.2d 282, 283 (N.D.1984). On review we look to the evidence which is the most favorable to the verdict to determine if such evidence is sufficient to sustain that verdict. *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982).

■ It is our role to review the record to determine if there was sufficient evidence to warrant a conviction. *State v. Lawenstein,* 346 N.W.2d 292, 293 (N.D.1984). A verdict may be based solely on circumstantial evidence. However, that evidence must be probative enough to establish guilt beyond a reasonable doubt. *Id.* (citing *State v. Olson,* 290 N.W.2d 664, 670 (N.D.1980); *State v. McMorrow,* 286 N.W.2d 284, 286 (N.D.1979)).

The court below found that Wilkie "acquiesced" in the consumption of alcohol when he entered the living room where alcohol was being consumed by persons under the age of 21. However, the evidence is clear that Wilkie was not responsible for purchasing any alcohol, for consuming any alcohol or for exercising any control over any of the alcohol. Testimony indicated that Wilkie gave his roommate "guff" about having a party. Although this term was not clearly defined it may reasonably be interpreted that Wilkie expressed his disfavor with the conduct of his roommate and the party. Testimony also indicated that Wilkie neither consumed nor attempted to consume any alcohol that evening.

The City relies solely upon *State v. Morris,* 331 N.W.2d 48 (N.D.1983), to establish constructive possession. In *Morris,* this court affirmed a possession conviction based upon constructive possession of narcotics. *Id.* at 55. Morris was seated in the passenger side of a van where marijuana was found in plain view on the console area. *Id.* at 51. This court stated:

"The State presented evidence which established (1) Morris was present in an area where marijuana was found, (2) Morris was in close proximity to the marijuana found, and (3) this marijuana was observed in plain view by the officer looking through the front passenger's side of the van.

We believe from these particular facts that a jury could reasonably infer beyond a reasonable doubt that Morris had the ability to control the area where, and the package in which, the marijuana was found, and that he therefore was in constructive possession of the marijuana. The evidence, although circumstantial, was sufficient to support the jury's verdict."

*Id.* at 54–55.

■ Although not explicitly stated in *Morris,* it is apparent that this court required more than mere presence to convict. The cases cited in *Morris* to support the theory of constructive possession indicate that more than mere presence is needed. *See Commonwealth v. Harris,* 263 Pa.Super. 110, 397 A.2d 424 (1979) (Defendant's intent to possess marijuana was inferred by his fingerprint on the package containing the controlled substance and the drug paraphernalia found in his bedroom).

■ In the case at hand, there was evidence that Wilkie was present in his apartment when the police arrived. There was also testimony that he was sitting among underage persons who were consuming alcohol, and that such alcohol was either in plain view or known by Wilkie to exist in the apartment. However, there was direct testimony indicating that Wilkie did not consume any alcohol and that he objected to the party twice to his roommate. The law cannot be that Wilkie would have to

leave his apartment at 2:30 a.m. or risk being charged for minor in possession when he had not had possession or any intent to possess alcohol.

It is undisputed that Wilkie and Kessler both rented the apartment where the alcohol was found. The court relied upon the fact that Wilkie and Kessler were co-renters and therefore exercised co-control over the premises. However, when joint occupancy is involved, there must be a necessary additional link between the defendant and the contraband or illegal substance. *Kastl v. State*, 303 Ark. 358, 796 S.W.2d 848, 849 (1990). *See City of Carbondale v. Nelson*, 137 Ill.App.3d 123, 91 Ill.Dec. 833, 484 N.E.2d 392 (5 Dist.1985) ("To say that the minor defendant possessed it by his proximity, thus making it contraband as to him, is to ignore that the burden is on the plaintiff to prove the ordinance violation by a clear preponderance of the evidence." *Nelson*, 137 Ill.App.3d 123, 91 Ill.Dec. at 835, 484 N.E.2d at 394). In this case, not only was there no additional link between Wilkie and the alcohol, but there was testimony that Wilkie never exercised control over or possessed any alcohol.

Because we find that the lower court incorrectly found that Wilkie was in constructive possession merely by "acquiescing" in consumption of alcohol by others, we reverse.

ERICKSTAD, C.J., and LEVINE, and MESCHKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the result reached by the majority opinion. I write separately to note that the City's reliance on *State v. Morris*, 331 N.W.2d 48 (N.D.1983), as controlling the result in this case is misplaced.

We have stated that "[p]ossession may be actual or constructive, exclusive or joint ... and may be shown entirely by circumstantial evidence." *Morris* at 53. We also have held that to prove constructive possession, evidence must be presented which establishes that "the accused had the power and capability to exercise dominion and control over the contraband." *Id.* The evidence required to show an individual's power and capability to exercise control must establish his right or his ability to control "in a realistic and practical sense" the area where the contraband is found. *Id.* at 54. Finally, constructive possession or the ability to exercise dominion and control over a controlled substance can be inferred from the totality of circumstances associated with a particular case. *Id.*

The inferences of possession, *i.e.*, the ability to exercise control, to be drawn from the facts in *Morris*, which involved two people in a van with marijuana resting on the console between the driver and passenger's seats, is considerably different than the inferences which can be drawn from the facts in this case in which eight to ten people were present at a party at the time Wilkie returned to the apartment. Under these circumstances, there simply is not enough evidence to show Wilkie's power and capability to exercise control "in a realistic and practical sense," the area, *i.e.*, the apartment. It follows there can be no inference from his mere presence in the apartment that Wilkie had constructive possession of the alcohol.