**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Geoffrey Alan HILL, Defendant and Appellant.**

**Cr. No. 910116.**

Supreme Court of North Dakota.

Nov. 20, 1991.

Leslie Johnson–Soetebier, Fargo, for defendant and appellant, submitted on briefs.

Mark Rainer Boening, Asst. State's Atty., Fargo, for plaintiff and appellee, submitted on briefs.

LEVINE, Justice.

Defendant Geoffrey Alan Hill appeals from a judgment of conviction of criminal trespass under NDCC § 12.1–22–03. We affirm.

Hill was charged with one count of criminal trespass. After a trial without a jury, the trial court found Hill guilty. On appeal, Hill argues that the evidence presented by the State, which is almost entirely circumstantial, is not sufficient to uphold his conviction. We disagree.

Our standard of review of a criminal bench trial is the same as if the case had been tried to a jury. *E.g., State v. Johnson*, 425 N.W.2d 903 (N.D.1988). In reviewing the sufficiency of the evidence to sustain a verdict, this court does not weigh conflicting evidence or judge the credibility of witnesses; instead we look only to the evidence most favorable to the verdict and the reasonable inferences to see if there is substantial evidence to warrant a conviction. *Id.* We will reverse the decision of the trier of fact only if there is no substantial evidence to support the verdict. *E.g., State v. Bastien*, 436 N.W.2d 229 (N.D.1989). A verdict based upon circumstantial evidence has the same presumption of correctness as other verdicts and will not be disturbed on appeal unless it is unwarranted. *State v. Carson*, 453 N.W.2d 485 (N.D.1990).

In line with the legal principles that govern this case, we set out the facts in a light most favorable to the verdict. Gwen Ann Lindbo lived in the apartment building where Hill was resident manager. Lindbo testified that approximately two weeks before the trespass, Hill stopped by her apartment to check on a maintenance problem, waking her at 2:00 a.m. After presumably having investigated the problem, Hill commented to Lindbo that he was not legally married because his wife had not divorced her second husband. Hill then asked if he could kiss Lindbo but she refused. He then attempted to kiss her but she pushed him away and he left. Lindbo tried to avoid Hill the next few weeks.

Lindbo testified that on the night in question, she had earlier locked her apartment door but awoke at about 3:00 a.m. to hear a sound like the rustle of a coat sleeve. She saw a figure in the doorway to her bedroom but could not recognize the person's face. She asked who was there. The intruder ran out of her apartment,

down the steps and into the parking lot. Lindbo looked out her window, saw a person in jeans and a silver jacket, running in the parking lot. Because she had seen Hill wear the same silver jacket before, Lindbo testified that she had no doubt in her mind that the runner was Hill. She tried to call 911 but her phone was not working. She testified that she became hysterical and spent the night at her friend's home. The next day she had the locks to her apartment changed.

Hill testified that he had a key that would permit him access to Lindbo's apartment. He also disclosed that he owned blue jeans and a silver-colored jacket. He could think of no reason for Lindbo's allegations against him. Hill left North Dakota shortly after the incident occurred and was apprehended in California.

Viewing the evidence and inferences therefrom in the light most favorable to the verdict, we believe that the evidence we have highlighted constitutes substantial evidence to warrant Hill's conviction for criminal trespass.

Accordingly, we affirm.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.