**UNITED STATES of America, Plaintiff,**

v.

**$45,140.00 CURRENCY, $19,500.00 Currency, and $456.00 U.S. Currency.**

No. 93 C 20143.

United States District Court, N.D. Illinois, W.D.

Dec. 28, 1993.

Sharon J. Coleman, Daniel E. May, U.S. Attorney's Office, Chicago, IL, Keith C. Syfert, U.S. Attorney's Office, Rockford, IL, for plaintiff.

Donald T. Bertucci, Chicago, IL, for defendant.

## *ORDER*

REINHARD, District Judge.

### INTRODUCTION

The government filed a verified complaint for forfeiture, pursuant to 21 U.S.C. § 881(a)(6), seeking the forfeiture of $65,096 in currency seized during the arrest of Nicholas Apostal and search of his bedroom. Apostal, as claimant, filed a motion to dismiss the government's forfeiture complaint, claiming that the forfeiture violates the Excessive Fines Clause of the Eighth Amendment.

### FACTS

According to the verified complaint for forfeiture, agents of the Illinois State Police received confidential information that Apostal had sold cannabis on several occasions at his residence in Crystal Lake, Illinois. On December 6, 1991, the agents arranged for the confidential informer to purchase cannabis from Apostal at his residence. Following this purchase, the agents learned that there were three or four bags of cannabis in Apostal's dresser drawer and that Apostal would have a pound of cannabis later that day.

Based on this information, the agents obtained a search warrant and arrested Apostal for the sale of cannabis. A subsequent search of Apostal's bedroom revealed a metal box containing a wallet, inside of which was $19,500. Additionally, Agents uncovered a small wooden box containing $45,140 of which $140.00 was identified as the money used by the confidential informer to purchase cannabis. Apostal's bedroom also contained five white garbage bags and six clear plastic bags, all containing cannabis. Also found were various weapons, ammunition and drug paraphernalia. The cannabis recovered from Apostal's bedroom weighed approximately 1,231.4 grams. A wallet recovered from Apostal following his arrest contained $456 in currency, including $140 of money used to purchase cannabis from Apostal earlier that day.

The verified complaint alleges that all of the currency "was used or intended to be used in exchange for controlled substances, or was proceeds traceable to an exchange for controlled substances, or was intended to be used to facilitate the commission of a felony narcotics offense." The forfeiture is premised on 21 U.S.C. § 881(a)(6).

### CONTENTIONS

Apostal contends that the verified complaint should be dismissed because the forfeiture violates the Excessive Fines Clause. Apostal relies on *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), for this contention. The government responds that this type of forfeiture is different from the one at issue in *Austin* and, therefore, the Excessive Fines Clause is inapplicable.

### DISCUSSION

In *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 the Supreme Court held that an *in rem* civil forfeiture proceeding under 21 U.S.C. §§ 881(a)(4) and (a)(7) is, at least in part, punitive in nature and, hence, the Excessive Fines Clause of the Eighth Amendment limits such forfeiture. In so holding, the Court stated that the dispositive issue as to whether a particular civil *in rem* forfeiture involves the Excessive Fines Clause is whether such forfeiture constitutes punishment. *Austin,* —— U.S. at ——, 113 S.Ct. at 2806. While

the Court concluded that civil *in rem* forfeitures are historically recognized as being, at least in part, punitive, *see Austin,* —— U.S. at ——, 113 S.Ct. at 2810, and that such forfeitures under 21 U.S.C. §§ 881(a)(4) and (a)(7) are punitive because of their deterrent purpose, *see Austin,* —— U.S. at ——, 113 S.Ct. at 2811, the court also expressly noted its prior recognition that the forfeiture of contraband may be characterized as remedial because it removes dangerous or illegal items from society, *see Austin,* —— U.S. at ——, 113 S.Ct. at 2811.

■ Under the reasoning of *Austin,* this court considers the dispositive question here to be whether the forfeiture under 21 U.S.C. § 881(a)(6) is in any part punitive. That determination, in turn, depends upon how the money is characterized for forfeiture purposes. If it is contraband, its forfeiture is purely remedial. If, on the other hand, it is merely used to facilitate a drug transaction, its forfeiture will be at least partly punitive.

■ Contraband is generally defined as "an item the possession of which is itself a crime." *United States v. Mahone,* 537 F.2d 922, 926 (7th Cir.1976); *see also Harris v. United States,* 331 U.S. 145, 154–55, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399 (1947) (property in illegal possession of defendant constitutes contraband). Property which is unlawful to produce or possess is contraband. Black's Law Dictionary 291 (5th Ed.1979).

■ In the context of the illicit drug trade, money may or may not be contraband depending on how it is situated. For example, if money constitutes the proceeds of a drug transaction, it is illegal to possess and thus is rightly considered contraband. On the other hand, if money is merely used to facilitate a drug purchase, it is not contraband, and its forfeiture is at least partly punitive.

■ In the present case, the government seeks to forfeit money seized from Apostal's bedroom and wallet. The verified complaint alleges that $19,500 was found in a brown wallet in a metal box and $45,140 was located in a small wooden box. Of that amount, only $140 was allegedly identifiable as the proceeds of a drug transaction. Additionally, $456 was found in a black wallet, $140 of which was allegedly proceeds of a cannabis sale. The verified complaint further alleges that all of the currency was "used or intended to be used in exchange for controlled substances, or was proceeds traceable to an exchange for controlled substances, or was intended to be used to facilitate the commission of a felony narcotics offense." While the complaint is not overly precise, it does allege, as two alternatives, that the money was used in exchange for controlled substances (which could reasonably mean it was received from the sale thereof) or was proceeds traceable to a controlled substance exchange.

In terms of the motion to dismiss, the verified complaint does not implicate the Excessive Fines Clause to the extent it seeks to forfeit money that, as proceeds of a drug sale, constitutes contraband. On the other hand, the allegations regarding the money as intended to be used to purchase drugs or to facilitate such purchase constitute a punitive forfeiture and thus do implicate the Excessive Fines Clause.

Apostal has not, however, in his motion to dismiss, identified how this latter forfeiture is excessive. Rather, he has merely pointed to the difference between the amount sought to be forfeited and the amount actually used to effectuate the purchase of cannabis which led to his arrest. While the Supreme Court in *Austin* declined to identify what factors should be examined in determining whether a particular forfeiture is excessive, the mere ratio of the value of the subject property to the value of the actual transaction is, by itself, insufficient.[1]

Because the government's verified complaint, at least in part, seeks to forfeit money in a purely remedial fashion, and because Apostal has failed to identify how any punitive forfeiture would be excessive under the Eighth Amendment, this court will deny Apostal's motion to dismiss. In doing so, the court notes that should the government, in

1. For example, the court noted that the relationship between the forfeited property and the offense might be relevant to such a determination.

proving its claim for forfeiture, attempt to proceed to justify its forfeiture on the basis of the money's intended use to facilitate a drug transaction, Apostal may at that time attempt to establish the excessiveness of such a forfeiture.

## CONCLUSION

For the foregoing reasons, claimant, Nicholas Apostal's, motion to dismiss the verified complaint for forfeiture is denied.