181 Ariz. 375 (1995)
891 P.2d 243
In the Matter of the APPEAL IN PIMA COUNTY JUVENILE DELINQUENCY ACTION NO. J-103621-01.
No. 2 CA-JV 94-0045.
Court of Appeals of Arizona, Division 2, Department B.
February 23, 1995.
*376 Susan A. Kettlewell, Pima County Public Defender by Christie C. Sharp, Tucson, for minor.

OPINION
DRUKE, Chief Judge.
The minor appeals from the denial of his motion to suppress evidence, his adjudication as a delinquent, and the dispositional order of probation, arguing that the search of his person was unconstitutional. The state has not responded. That fact alone would permit us to reverse. Navajo County Juvenile Action No. J-3206, 121 Ariz. 407, 590 P.2d 946 (App. 1979). We nevertheless exercise our discretion to address the issues raised on their merits.
At the hearing on the motion to suppress, Officer Figueroa testified that he was working as a plainclothes officer riding a bicycle in the parking lot of El Con Mall on November 30, 1993. About 9:00 p.m., he received a report over the radio that some juveniles in a car were looking around, getting in and out of the car, and walking around. Figueroa responded to the location but did not see anyone get in or out of the two-door car in which two people were sitting, one in the front passenger seat and one in the back seat. He rode past the car, looked in the window, and saw numerous unopened cans of beer on the floorboard of the back seat.
Because the passengers appeared to be juveniles, the officer asked the sixteen-year-old minor, who was sitting in the front seat, to step out of the car. The minor complied, and the officer patted him down for weapons, finding none. The officer stated that he felt something soft, as well as a square object, in the minor's left front pants pocket and asked the minor what he had there because he was "just curious to see what [the square object] was." The minor responded that it was a pager, reached inside his pocket, and pulled it out, bringing with it a plastic baggie containing a small amount of marijuana. Figueroa then arrested the minor for possession of marijuana; he did not cite him for possessing the beer.
The juvenile court ruled that the search was not unreasonable, concluding that Officer *377 Figueroa was entitled to ask the minor to step out of the car after he spotted alcohol in the vehicle and that "[h]e does what he's supposed to do; he pats them [sic] down for weapons." The court then noted that, during the pat-down, Figueroa discovered a hard object and a soft object and that the soft object came with the hard object as it was being pulled out.
The minor argues that Figueroa's detention and search exceeded that permitted by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because the officer observed no conduct by the minor and had no reason to suspect that any criminal activity might be afoot. Under Terry, a police officer is permitted to conduct a limited search for weapons of a person whom the officer reasonably believes is armed and dangerous and whom the officer reasonably suspects is, or is about to be, engaged in criminal activity. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Lawson, 144 Ariz. 547, 698 P.2d 1266 (1985). "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Terry, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.
In this case, when Figueroa was asked on cross-examination why he had asked the minor to get out of the car, he stated: "The suspicious circumstances that were reported to me, and what I observed the juveniles doing at that time." The officer was unable to specify anything he had observed the minor doing. Although Figueroa had received a report that people were getting in and out of a vehicle, that activity, without more, does not create a reasonable suspicion sufficient to justify a Terry stop. See Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). It is undisputed that Figueroa had no report that a specific crime had recently been committed in the area.
On redirect examination, Figueroa acknowledged that in an earlier interview, he had said that he had asked the minor to get out because of the beer. Because it is illegal for a minor to possess alcohol, A.R.S. § 4-244(9), the officer was clearly entitled to investigate that matter further. There is nothing in the record, however, that shows the officer conducted any investigation on possession of the beer. Figueroa did not claim he questioned the juveniles about the beer, and the minor testified that the only question the officer asked was the minor's name. In addition, Figueroa testified on cross-examination that he did not smell any alcohol on the minor's breath.
Even assuming that the officer's initial detention of the minor was lawfully related to investigating the possession of alcohol, we are unable to conclude that the balance of the encounter was permissible. Under Terry, a police officer may lawfully pat down a person when the officer "is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." 392 U.S. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908. See also State v. Vasquez, 167 Ariz. 352, 807 P.2d 520 (1991) (pat-down search of defendant's jacket permissible when officers responded to family fight-domestic violence call).
The report Figueroa had received in this case did not include any mention of weapons or their use or threatened use. In addition, Figueroa not only did not inquire about the beer, he also did not ask the minor if he had any weapons or engage in any conversation that would have justified a belief that the officer was in danger. Instead, Figueroa's testimony showed that he patted down the minor as though it were simply a routine police procedure; the juvenile court accepted that testimony as true, commenting that it was what the officer was "supposed to do." Neither Terry nor its progeny, however, authorizes routine pat-down searches of persons simply because they have been detained by the police. One must not lose sight of the fact that, as the Supreme Court held in Terry, a pat-down search of a person based on reasonable suspicion is nevertheless a search within the confines of the Fourth Amendment.
*378 Furthermore, once Figueroa patted the minor down and learned that he had no weapons, he had no reasonable suspicion of any other activity that would justify his asking what the minor had in his pocket and asking to see it. State v. Mendez, 115 Ariz. 367, 565 P.2d 873 (1977). A Terry search is limited to that necessary to discover weapons that might be used to harm the officer or others; it does not permit an officer to undertake a "fishing expedition." As Division One of this court noted in State v. Collins, 139 Ariz. 434, 437, 679 P.2d 80, 83 (App. 1983), "[w]e are aware of no instance in which the Supreme Court has condoned the use of a `frisk' to search for evidence of an independent crime." See also State v. Clevidence, 153 Ariz. 295, 736 P.2d 379 (App. 1987).
The officer stated on cross-examination that he had checked the minor for weapons because, in his experience, a lot of people carry weapons in loose clothing. He did not answer the question whether he believed the square object he had felt in the minor's pocket was a weapon, saying only, "I don't know what it is until I see it." In addition, Figueroa testified that the minor was not free to leave after the pat-down, although he did not say why he was not. None of that testimony would support a claim, if it had been made, that Figueroa reasonably believed he was in danger from the minor.
Finally, there was no claim that Figueroa immediately recognized from his pat-down that one of the items in the minor's pocket was drugs, a recognition that might have provided probable cause to arrest under the "plain feel" exception of Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). In order to seize an item discovered by feel in a pat-down search, the officer must have probable cause to believe that the item is contraband. Id. Figueroa did not testify, however, as did the officer in State v. Sigro, 182 Ariz.Adv.Rep. 3, ___ Ariz. ___, ___ P.2d ___ (Ct.App. January 17, 1995), that he knew as soon as he felt it that the minor had drugs in his pocket; it was clear that he did not know the soft item was marijuana until the minor pulled it from his pocket at the officer's direction.
Our review of the record and the applicable case law, coupled with the state's failure to respond in this case, compel us to conclude that the trial court erred in denying the minor's motion to suppress the evidence found in his pockets. Accordingly, we reverse the adjudication of delinquency and remand for further proceedings consistent with this decision.
ESPINOSA, P.J., and HATHAWAY, J., concur.