955 P.2d 1

The STATE of Arizona, Appellee,

v.

Anthony Tyrone STRICKLIN, Appellant.

No. 2CA–CR96–0164.

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 21, 1996.

Redesignated as Opinion and
Publication Ordered Dec. 18, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Jack Roberts, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by Lori J. Lefferts, Tucson, for Appellant.

## OPINION

PER CURIAM.

Following a jury trial, appellant was convicted of unlawful possession of a narcotic drug. On appeal he challenges the trial court's denial of his motion to suppress a baggie of crack cocaine an officer found in appellant's pocket. Because we find that the denial of the motion to suppress was clearly erroneous, we reverse. *State v. Gerlaugh,* 134 Ariz. 164, 654 P.2d 800 (1982).

We agree with appellant that, based on the evidence before the trial court, the police officer who stopped him did not have reasonable suspicion to justify a *Terry* [1] stop or the subsequent weapons pat-down search. Although it is difficult to articulate what satisfies the *Terry* requirement of reasonable suspicion that criminal activity is afoot, *State v. Rogers,* 186 Ariz. 508, 924 P.2d 1027 (1996),

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

we conclude that there was insufficient evidence here. The parties agreed that the trial court could decide the motion to suppress based on the grand jury transcript, the police reports and arguments of counsel. Officer Hensley, who was not the arresting officer, testified before the grand jury as follows:

Officers observed subject near the—near a closed business. Officer initially believed he may have been trying to be invisible, as though he was trying to break into the building. Made contact with the subject.

During a cursory pat-down for weapons, he felt what he believed was possibly a small type automatic handgun in his left front pocket, then checked the pocket. First thing removed from the pocket was a baggie containing 13 chunks of what was believed to be crack cocaine. Then some cash came out and then what was the bottom of the pocket was actually a cigarette lighter and a pager, which is—the way they were positioned, was what he believed was possibly a small weapon.

Placed the subject under arrest and continued the search. In the other pocket, he found additional cash and three razor blades.

In his report, Officer Wright stated he was traveling south on Stone Avenue in Tucson approaching Grant Road when he "observed a black male standing next to the Texaco service station," noting that he was "peering around the corner looking east as if he was trying to hide and possibly avoid detection from on coming [sic] traffic on Grant." The officer added that he had watched appellant "as he peered around the corner several times." The officer also stated:

I then pulled into the lot and made contact with the subject who became known to me as ANTHONY STRICKLAND [sic]. While speaking to him I obtained his name and ran it through the computer with the dispatcher and no warrants were found of any kind. I did a brief pat down search of the subject for weapons while I was speaking to him and it was at this time while feeling his left pocket I felt something hard which felt as if it could be a small pistol or weapon, possibly an automatic type pistol. For this reason I reached into his pocket to remove the item.

The officer then found the crack cocaine.

From neither the grand jury testimony nor the police report can articulable facts be found supporting Officer Wright's belief that appellant had committed or was about to commit a crime. Nor do they show that he had a "reasonable fear for [his] safety, based on specific, articulable facts" to justify the pat-down search for weapons. *State v. Garcia Garcia,* 169 Ariz. 530, 531, 821 P.2d 191, 192 (App.1991), citing *Terry.*

No crime had been reported or observed. It is not enough that it was 1:00 a.m. and that appellant's furtive behavior might have been peculiar or even suspicious. *Compare Rogers* (officers who observed defendant and another individual emerge from behind bushes in a dark residential area, walk down the middle of the street and stare at officers had insufficient basis for investigatory stop); *Pima County Juvenile Action No. J–103621–01,* 181 Ariz. 375, 891 P.2d 243 (App.1995) (when sole basis for having juvenile get out of parked car for investigative stop was report to officer that juveniles had been seen getting in and out of a car, the stop was not justified).

■ Because the stop was not justified, neither was the pat-down search. *Rogers.* Moreover, even assuming the circumstances justified a brief investigatory stop, there was no evidence that the officer believed he was at risk from appellant. Indeed, the scant record suggests otherwise. As the Court stated in *Terry* on the propriety of a frisk, "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. *See also State v. Vasquez,* 167 Ariz. 352, 807 P.2d 520 (1991). It appears from the report that Officer Wright stopped appellant, got his name, requested a warrants check and then patted him down for weapons. One can assume that, had the officer truly feared for his safety, he would have conducted the pat-down search immediately. In any event, there is nothing to support the finding that

this officer, based on "the specific reasonable inferences which he is entitled to draw from the facts in light of his experience," believed he was in jeopardy. *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. A pat-down search as a matter of routine police procedure is supported by "[n]either *Terry* nor its progeny." *Pima County Juvenile Action No. J–103621–01*, 181 Ariz. at 377, 891 P.2d at 245. In addition, although knowledge that a person is suspected of having committed a burglary justifies the suspicion that the person carries weapons, *State v. Nichols*, 26 Ariz.App. 455, 549 P.2d 235 (1976), as previously stated, no crime was reported or observed here. The notion that the officer thought appellant might have committed or was going to commit a burglary and that the area was purportedly known for cocaine trafficking came from the prosecutor during argument, not the evidentiary sources on which it was agreed the court would rely.

The trial court erred in denying the motion to suppress the cocaine. Therefore, the conviction is reversed.

/s/ William E. Druke
WILLIAM E. DRUKE
Chief Judge

/s/ A. John Pelander
A. JOHN PELANDER
Presiding Judge

/s/ Joseph M. Livermore
JOSEPH M. LIVERMORE
Judge