2001 ME 92

**STATE of Maine**

v.

**Michael M.**

Supreme Judicial Court of Maine.

Argued: April 11, 2001.
Decided: June 20, 2001.

David W. Crook, District Attorney, Paul Rucha, Asst. District Attorney (orally), Augusta, for State.

Bradford A. Pattershall, Esq. (orally), Petruccelli & Martin, LLP, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] The State appeals from a judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*) vacating a decision by the District Court (Waterville, *Vafiades, J.*) denying a motion to suppress evidence discovered by Waterville Police Officer Gene Allen while conducting a pat-down search of Michael M., a minor who was smoking a cigarette. Because we agree with the state that Officer Allen's search did not violate the minor's Fourth Amendment rights, we vacate the judgment of the Superior Court and remand for entry of judgment of conviction.

[¶ 2] The facts are undisputed. On September 15, 1999, Officer Allen saw Michael smoking a cigarette on a street corner. Officer Allen approached Michael, ascertained that he was under the age of eighteen, and determined his identity even though Michael initially gave a false name. Officer Allen frisked Michael to search for more cigarettes. While doing so, Officer Allen felt in Michael's back pocket an item about six inches long and one inch thick that he thought "could possibly be a knife." He removed the item and discovered that it was an illegal "butterfly" knife.[1]

---

1.  17–A M.R.S.A. § 1055 (1983) prohibits trafficking in dangerous knives, a Class D offense: A person is guilty of trafficking in dangerous knives, if providing he has no right to do so, he ... knowingly possesses ... any knife having a blade which opens or falls or is ejected into position by the force of gravity, or by an outward, downward or centrifugal thrust or movement.

17–A M.R.S.A. § 1055(1). To use a typical butterfly knife,
the wielder releases one of the halves of the handle and through a combination of gravity and centrifugal force, the latter generated by a movement of the arm or wrist, the wielder swings that half of the handle around until it meets the other half. ...

[¶ 3] Michael was charged, *inter alia*, with trafficking in dangerous knives (Class D). He filed a motion to suppress, which the District Court denied. Following the entry of a conditional guilty plea, Michael appealed to the Superior Court. The Superior Court (Kennebec County, *Studstrup, J.*) granted the appeal, vacated Michael's guilty plea, and remanded the case to the District Court. The State filed its notice of appeal pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.2000)[2] and M.R.Crim. P. 37B.[3]

[¶ 4] The State contends that the search was reasonable and that the evidence of the knife should not be suppressed. According to the State, Officer Allen had probable cause to search Michael for cigarettes, which are "contraband" because they are illegal for Michael to possess, *see* BLACK'S LAW DICTIONARY 322 (6th ed.1990), and a valid exception to the warrant requirement applies because the cigarettes could be destroyed easily.

[¶ 5] Michael contends that cigarettes in the possession of a minor are not contraband, no statute supports the seizure of cigarettes in a minor's possession, and the rules of court do not provide for the issuance of a search warrant for tobacco. According to Michael, the officer lacked the legal authority to search him for cigarettes, so any evidence obtained must be suppressed.

[¶ 6] According to the United States Constitution, "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated ...." U.S. Const. amend. IV. "As a matter of federal constitutional law, a warrantless search is *per se* unreasonable unless it is supported by probable cause and exigent circumstances exist requiring a prompt search without the delay occasioned by the need for a warrant or unless the search falls into one of the recognized exceptions to the warrant requirement." *State v. Tomah*, 586 A.2d 1267, 1268–69 (Me.1991) (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).[4]

[T]hese forces also swing the *blade* into position.
*State v. Riddall*, 112 N.M. 78, 811 P.2d 576, 578 (Ct.App.1991) (emphasis in original).

2. Though the statute was amended effective January 1, 2001, at the time of the appeal, 15 M.R.S.A. § 2115–A provided, in relevant part:

**2–A. Appeals from an adverse decision of the Superior Court sitting as an appellate court relative to District Court criminal cases.** If an appeal to the Superior Court by an aggrieved defendant from a judgment of the District Court results in the vacating of the underlying criminal judgment in whole or in part, an appeal may be taken by the State from the adverse decision of the Superior Court to the Law Court.
....

**5. Approval of Attorney General.** In any appeal taken pursuant to subsection ... 2–A ... the written approval of the Attorney General is required ....

15 M.R.S.A. § 2115–A (Supp.2000).

3. Rule 37B provides, in relevant part:

**(a) Procedure.** Appeals by the state, when authorized by statute, shall be subject to the same procedure as that for other appeals, except as provided by this rule.
**(b) Approval of Attorney General.** The notice of appeal shall be accompanied by a written approval of the Attorney General of the State of Maine, which shall become part of the record....

4. The State contends that the Court should apply the standard applicable to searches of students by school administrators. *See New Jersey v. T.L.O.*, 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Pursuant to that rule, a search is reasonable if it was "justified at its inception" and "was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (internal quotation marks omitted). Here, however, where a police officer acting on his own

"[P]robable cause to search exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Lux*, 1999 ME 136, ¶ 10, 740 A.2d 556, 558 (internal quotation marks omitted). "The burden is on the State to prove by a preponderance of the evidence that an exception [to the warrant requirement] exists." *State v. Mower*, 407 A.2d 729, 731 (Me.1979).

■ [¶ 7] Pursuant to 22 M.R.S.A. § 1555–B(5), (8)(B) (Supp.2000), it is a civil violation, not a crime, for a minor to possess cigarettes. The statute provides that, unless the juvenile is transporting packaged cigarettes for an employer, "a person under 18 years of age may not purchase, possess or use cigarettes ...." 22 M.R.S.A. § 1555–B(5).

A person who violates subsection 5 commits a civil violation for which the following forfeitures may be adjudged.

> (1) For a first offense, a forfeiture of not less than $100 and not more than $300 may be imposed. The judge, as an alternative to or in addition to the forfeiture permitted by this subparagraph, may assign the violator to perform specified work for the benefit of the State, the municipality or other public entity or a charitable institution.

22 M.R.S.A. § 1555–B(8)(B). The statute provides for higher forfeitures and additional community service for subsequent violations. 22 M.R.S.A. § 1555–B(8)(B)(2)–(3). The possession of cigarettes by a minor does not constitute a crime; we must determine, therefore, whether the warrantless search was justified because the cigarettes believed to be in Michael's possession were "contraband." See *Lux*, ¶ 10, 740 A.2d at 558.

[¶ 8] Though the Legislature has not explicitly classified cigarettes in the possession of a minor as contraband, the State urges the Court to adopt a definition of contraband that includes "any property which is unlawful to produce or possess. Things and objects outlawed and subject to forfeiture and destruction upon seizure." BLACK'S LAW DICTIONARY at 322.

[¶ 9] Michael contends that only the Legislature determines what is "contraband." Indeed, the legislature has expressly classified some items as contraband subject to seizure. *See, e.g.,* 12 M.R.S.A. § 7907 (Supp.2000) (certain illegally obtained fish and wildlife and the equipment used to obtain them); 17–A M.R.S.A. § 1053 (1983) (certain guns); 17–A M.R.S.A. § 1114 (1983) (marijuana and other schedule Z drugs); and 36 M.R.S.A. § 4372–A(1) (Supp.2000) (unstamped cigarettes).

---

authority conducted the search, the *T.L.O.* test does not apply. *See In the Interest of Thomas B.D.*, 326 S.C. 614, 486 S.E.2d 498, 500 (Ct. App.1997) (relaxed *T.L.O.* standard did not apply to search by police officer acting on his own authority in a school building).

The "reasonable articulable suspicion" test involved with motor vehicle stops, *see State v. Connors*, 1999 ME 125, ¶¶ 7–9, 734 A.2d 195, 197–98, is also inapplicable because Michael does not challenge Officer Allen's decision to approach him; he only challenges the search. In addition, the weapons search test established in *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), does not

apply because Officer Allen did not suspect that Michael was carrying a weapon. *See id.* (holding that an officer may conduct "a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual ...."); *see also In the Matter of the Appeal in Pima County Juvenile Delinquency Action No. J–103621–01*, 181 Ariz. 375, 891 P.2d 243, 246 (Ct.App.1995) ("A *Terry* search is limited to that necessary to discover weapons that might be used to harm the officer or others; it does not permit an officer to undertake a 'fishing expedition.' ").

[¶ 10] Several other jurisdictions have employed a definition of contraband similar to that suggested by the State. *See, e.g., United States v. $45,140.00 Currency,* 839 F.Supp. 556, 558 (N.D.Ill.1993) (stating that "[p]roperty which is unlawful to produce or possess is contraband"); *State v. James,* 91 N.M. 690, 579 P.2d 1257, 1265 (Ct.App.1978) (including in the definition of contraband "any article, the possession of which is declared illegal by the legislature"), *overruled on other grounds by State v. Cervantes,* 92 N.M. 643, 593 P.2d 478 (Ct.App.1979); *Brinegar v. State,* 97 Okla.Crim. 299, 262 P.2d 464, 477 (App. 1953) (defining contraband as "anything prohibited or excluded by law"). In addition, the Appellate Court of Illinois has stated that "beer is not contraband unless possessed by a minor." *City of Carbondale v. Nelson,* 137 Ill.App.3d 123, 91 Ill. Dec. 833, 484 N.E.2d 392, 393 (1985).

[¶ 11] We conclude that cigarettes in Michael's possession would be contraband because the Legislature has made it illegal for him to possess them. The District Court did not err in concluding that Officer Allen had probable cause to search for the contraband cigarettes.

[¶ 12] We also agree with the District Court that exigent circumstances relieved Officer Allen from complying with the general rule requiring a warrant. *See State v. Harriman,* 467 A.2d 745, 750 (Me. 1983) (holding that exigent circumstances exist when an officer discovers contraband in a person's possession and the evidence might be "removed, concealed, or destroyed" before a warrant could issue). The District Court properly denied Michael's motion to suppress. *See State v. Ryne G.,* 509 A.2d 1164, 1167 (Me.1986) ("When a search has been validly conducted for a legal purpose ... any incrimina-

ting evidence thereby discovered is admissible in a subsequent criminal trial.").

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for entry of a judgment of conviction.