STATE OF MAINE                                    SUPERIOR COURT
SAGADAHOC, ss                                     CRIMINAL ACTION
                                                  DOCKET NO. CR-04-178


STATE OF MAINE

         v.                                       ORDER ON DEFENDANT'S
                                                  MOTION TO SUPPRESS
CHRISTOPHER BILYNSKY,

         Defendant


The defendant moves to suppress all evidence obtained as a result of the initial warrantless search and the execution of the search warrant. The defendant argues that observations made during the warrantless search were illegally obtained because there was no justification for the warrantless entry. The defendant argues further that if illegally obtained information is excised from the affidavit, there is insufficient information in the affidavit to support the issuance of the search warrant.

The court previously ruled that there was sufficient probable cause to support the District Court's Approval of the search warrant. See 9/12/05 Transcript at 10-12. The issue remaining is whether the warrantless entry into the defendant's home was justified based on exigent circumstances. For the following reasons, the motion to suppress is DENIED.

Facts

Daniel Rousseau, a Special Agent with the United States Drug Enforcement Agency, and Barry Kelly, a Kennebec County Sheriff's Department Deputy and a Drug Task Force Officer assigned to the District Attorney's Office, have extensive training and experience in investigation of clandestine laboratories, including methamphetamine laboratories. Both have together investigated more than 100 clandestine laboratories.

1

On October 22, 2004, S.A. Rousseau received information from S.A. Kelly that various police officers believed they had found a person who was associated with a clandestine laboratory and that they had discovered suspicious chemicals. S.A. Rousseau responded to the residence of Maurice Labonte, who was cooperating with the officers. S.A. Rousseau observed materials that he associated with clandestine laboratories, including containers, myriodic acid, pill dough used in the manufacture of methamphetamine, and pasty-type material in a pie plate. In previous investigations, when such items were found and tested, the results showed that the substances were part of an intermediate process in the manufacture of methamphetamine or were, in fact, a controlled substance.

The officers interviewed Mr. Labonte, who stated that the defendant was manufacturing methamphetamine and had been involved in the manufacture for a long time. The defendant had cooked methamphetamine at Mr. Labonte's house three months previously. Mr. Labonte described the manufacturing process as involving significant fumes and sometimes smoke. When Mr. Labonte used the substance produced, he became sick and high. Based on his observations and an interview with Mr. Labonte, S.A. Rousseau concluded that Mr. Labonte was involved in the manufacture of amphetamine or methamphetamine.

The officers next went to Mr. Harmon's residence, where they located red phosphorous, which is used to manufacture methamphetamine and which omits a lethal gas. Mr. Harmon provided information similar to that provided by Mr. Labonte. Mr. Harmon stated he had been present when the defendant manufactured methamphetamine and described the fumes present during the process. Mr. Harmon described his reaction when he used the substance produced and that reaction was consistent with a reaction to use of amphetamine or methamphetamine. Mr. Harmon

are trained to conduct a preliminary security sweep of the area where the manufacturing process is underway, remove any occupants, ventilate and secure the area, and leave as quickly as possible. The officers planned to obtain a search warrant after the safety issue was addressed.

S.A. Kelly found a chicken barn that had been converted to a storage place, adjacent to an inhabited residence. As soon as he exited his vehicle, S.A. Kelly smelled a strong odor of fumes consistent with an odor he recognized as chemicals used in clandestine methamphetamine manufacturing. He noticed an electrical cord leading from a shed to the chicken barn. An air conditioner attached to a trailer near the shed was turned on high, in spite of 40-degree weather. Keeping air cool is part of the manufacturing process for methamphetamine. As he approached the chicken barn, he noticed a glare in the shed. He looked through a door and saw a container being heated, consistent with a manufacturing process. He also saw a person inside the barn who was not wearing a gas mask. Based on his training and experience, S.A. Kelly knew that if he encountered people not wearing gas masks, he had a limited time to enter the barn and make the area safe. S.A. Kelly was concerned for the safety of his officers and potential occupants of the two residences near the barn. S.A. Kelly was advised that people were running around inside the barn.

The officers entered the barn by breaking down a piece of plywood and entered the shed. The officers did not knock before entering. They conducted a quick search of the area to determine whether anything was cooking. Various items were found that are consistent with the manufacture of methamphetamine. The propane in the shed was turned off.

4

## Conclusions

The affidavit contains sufficient facts to establish probable cause that a crime had been committed on the premises to be searched and to justify issuance of the warrant. See State v. Dickinson, 2005 ME 100, ¶ 18, 881 A.2d 651; State v. Michael M., 2001 ME 92, ¶ 6, 772 A.2d 1179, 1181-82.

The officers had probable cause to believe that evidence of a crime might be found during the search. See State v. Leonard, 2002 ME 125, ¶ 13, 802 A.2d 991, 994. Further, exigent circumstances existed. The warrantless entry into the barn and shed was justified to determine whether conditions in the building threatened the safety of people or property. See id. The officers' primary reason for entering the buildings was to protect public safety and not to gather additional evidence to obtain a search warrant. The officers were reasonable in not knocking and announcing their entry. See State v. Hider, 1998 ME 203, ¶¶ 9, 13, 715 A.2d 942, 946-47; see also State v. Reynoso-Hernandez, 2003 ME 19, ¶15, 816 A.2d 826, 831.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: November 21, 2005

Nancy Mills
Justice, Superior Court

STATE OF MAINE
  vs
CHRISTOPHER N BILYNSKY
PO BOX 471
BOOTHBAY ME 04537

DOB: 03/26/1970

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-CR-2004-00178

**DOCKET RECORD**

State's Attorney: PATRICIA MADOR

Pro Se.

Filing Document: PETITION                    Major Case Type: BAIL REVIEW
Filing Date: 11/15/2004

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     10/07/2004 TOPSHAM
    (OTHER ENHANCEMENT)
Seq 8541   17-A  1103(1-A)(A)          Class A
   KELLY              / MDE

2   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     07/01/2004 TOPSHAM
    (OTHER ENHANCEMENT)
Seq 8541   17-A  1103(1-A)(A)          Class A  Charged with INDICTMENT on Supplem
   KELLY              / MDE

3   CRIMINAL CONSPIRACY                         05/01/2004 TOPSHAM
Seq 8370   17-A  151(1)(B)          Class B  Charged with INDICTMENT on Supplem
   KELLY              / MDE

4   UNLAWFUL POSSESSION OF SCHEDULED DRUG       10/01/2004 TOPSHAM
Seq 8568   17-A  1107-A(1)(B)(1)          Class C  Charged with INDICTMENT on Supplem
   KELLY              / MDE

## Docket Events:

11/22/2004 FILING DOCUMENT -  PETITION FILED ON 11/15/2004

11/22/2004 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 11/15/2004

11/22/2004 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 11/30/2004 @ 8:30

          NOTICE  TO PARTIES/COUNSEL
11/22/2004 HEARING -  MOTION TO AMEND BAIL NOTICE SENT ON 11/22/2004

11/22/2004 Party(s):  CHRISTOPHER N BILYNSKY
          ATTORNEY -  RETAINED ENTERED ON 11/15/2004

          Attorney:  HOWARD O'BRIEN
11/30/2004 HEARING -  MOTION TO AMEND BAIL HELD ON 11/30/2004
          ROBERT E CROWLEY , JUSTICE
          Reporter: PHILIP GALUCKI
11/30/2004 MOTION -  MOTION TO AMEND BAIL DENIED ON 11/30/2004
          ROBERT E CROWLEY , JUSTICE