STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CRIMINAL ACTION
                                        DOCKET NO. CR-06-528

2006 DEC 29  A 11: 04

STATE OF MAINE

        v.                              ORDER ON MOTION TO SUPPRESS

DANIEL OUELLETTE,                       DONALD L. GARBRECHT
                                        LAW LIBRARY

        Defendant                       JAN 23 2007

The defendant seeks to suppress statements made by the defendant and items seized during searches of the defendant's vehicle. The defendant argues that his statements were not voluntary and there was no justification for the warrantless searches. For the following reasons, the motion is granted in part and denied in part.

FACTS

On 5/8/06, at approximately 1:00 - 1:30 a.m., the defendant appeared at the Clinton home of Waterville Deputy Police Chief Joseph Massey. Deputy Chief Massey has no authority to act as a law enforcement officer in Clinton.

The defendant had blood on his face and appeared to Deputy Chief Massey to be under the influence of intoxicants. The defendant stated that he was driving and was involved in an accident down the road. He also said he needed help and was "messed up" on alcohol and drugs. The defendant recognized and said hello to Deputy Chief Massey's son, Dana, who is also a police officer. The defendant responded appropriately to Deputy Chief Massey's questions.

Kennebec County Deputy Sheriff Peter Tibbetts responded to the Massey residence and spoke to the defendant, who walked down the outside stairs to meet the Deputy at his request. The defendant recited what he had done that evening. Deputy Tibbetts smelled a strong odor of alcohol coming from the defendant and observed that

1

his balance was unsteady. At Deputy Tibbetts's request, the defendant walked to the cruiser without assistance. The defendant answered appropriately questions from Deputy Tibbetts and members of the rescue squad.

Deputy Tibbetts asked for the defendant's license, registration, and insurance papers. The defendant stated his license was in the center console or in the ashtray of his vehicle. Deputy Tibbetts walked to the vehicle, entered it, and found the defendant's license between the seats in the console area. The Deputy had previously noticed a plastic planner for pills on the floorboard of the vehicle when he first arrived on the scene and approached the vehicle to determine whether anyone was inside[1].

After the rescue members examined the defendant, the Deputy asked the defendant to perform field sobriety tests. The defendant stated he was not driving and did not have to perform the tests. He was arrested and taken to the Kennebec County Sheriff's Office. The defendant remained awake during the one-half hour ride to the sheriff's office, where they arrived at approximately 3:00 a.m. The defendant refused to take an intoxilyzer test and refused to sign the implied consent form at approximately 3:30 a.m. See State's Ex. 1. The Deputy asked no questions after the arrest of the defendant.

At approximately 4:30 a.m., then Kennebec County Deputy Sheriff Christopher Chase arrived at the jail after investigating a burglary at the Chesley residence, in which the defendant was implicated. Deputy Chase awakened the defendant, who was sleeping in the holding cell. The defendant was lethargic and slow and deliberate but his speech was not slurred. Deputy Chase administered the Miranda warnings; the defendant acknowledged that he understood each of the warnings after it was read.

The defendant did not object to speaking to the Deputy. The defendant told the Deputy that Tony Nichols had entered the Chesley residence and had taken the medicine found in the defendant's vehicle. The defendant stated that he would never take anything from Mr. Chesley. Because the defendant was angry with Tony for what he had done, the defendant abandoned Tony on the side of the road before the accident. Tony later confirmed in a discussion with Deputy Chase that the defendant left Tony on the side of the road.

Deputy Chase interviewed the defendant for 20 or 25 minutes. The defendant responded appropriately to the Deputy's questions and did not fall asleep. The defendant agreed to sign a consent to search his vehicle. Deputy Chase also signed the form. The signed form has been misplaced and is not in the case file, in spite of efforts by Deputy Chase to find the form. See State's Ex. 2.

Dr. Brian Rines met with the defendant to discuss the events of May 7 and 8. Dr. Rines's conclusions were based on information provided by the defendant and information in the police reports. Dr. Rines concluded that the defendant's blood alcohol content would have been approximately .295% at the time of his interaction with the officers. At that level, the defendant would have been approaching unconsciousness and would have been stumbling drunk. The defendant would have had exhibited slurred speech, would have spoken in incomplete sentences, and would have had difficulty communicating coherently.

The court discounts Dr. Rines's conclusions because they are contradicted by the observations of three police officers. Further, Dr. Rines's conclusions were based, in part, on information he incorrectly believed was in the officers' reports. For example,

---

[1] The defendant agreed at the hearing that the pill container was in plain view when seen by Deputy Tibbetts and withdrew this issue from those to be considered in his motion to

Dr. Rines believed incorrectly that the officers reported that the defendant passed out at the Massey residence.

CONCLUSIONS

Statements

Proof that a defendant was intoxicated, without more, does not render his statements inadmissible. See State v. Warner, 237 A.2d 150, 160 (Me. 1967). This record does not show coercive police conduct and does not suggest that the defendant's statements were not "the result of the defendant's exercise of his own free will and rational intellect." State v. Sawyer, 2001 ME 88, ¶ 8, 772 A.2d 1173, 1175; State v. Caouette, 446 A.2d 1120, 1123-24 (Me. 1982). The State has proved beyond a reasonable doubt that the defendant's statements were voluntary. See Sawyer, ¶ 9, 772 A.2d at 1176.

Search

Based on this record, Deputy Tibbetts was not justified in searching the vehicle and seizing the license. See State v. Leonard, 2002 ME 125, ¶ 12, 802 A.2d 991, 993-94; State v. Michael M., 2001 ME 92, ¶ 6, 772 A.2d 1179, 1181-82. The consent obtained by Deputy Chase for a later search of the vehicle was valid.

The entry is

The Defendant's Motion to Suppress is DENIED with regard to the Defendant's statements and is GRANTED with regard to the Defendant's license.

Date: December 29, 2006

Nancy Mills
Justice, Superior Court

suppress.

4

STATE OF MAINE
  vs
DANIEL P OUELLETTE
42 HILLCREST DRIVE
CLINTON ME 04927

DOB: 11/23/1976
Attorney: NATHANIEL LEVY
       LAW OFFICE OF NATHANIEL SETH LEVY
       PO BOX 31
       BRUNSWICK ME 04011
       APPOINTED 05/08/2006

Filing Document: CRIMINAL COMPLAINT
Filing Date: 05/08/2006

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2006-00528

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   BURGLARY                             05/08/2006 CLINTON
Seq 8484  17-A   401(1)(B)(4)      Class B
   TIBBETTS         / KEN

2   THEFT BY UNAUTHORIZED TAKING OR TRANSFER   05/08/2006 CLINTON
Seq 8423  17-A   353(1)(A)         Class E
   TIBBETTS         / KEN

3   OPERATING UNDER THE INFLUENCE-NO TEST, 2   05/08/2006 CLINTON
   PRIOR
Seq 11171 29-A  2411(1-A)(C)(3)    Class C  Charged with INDICTMENT on Supplem

4   OPERATE VEHICLE WITHOUT LICENSE-        05/08/2006 CLINTON
   COND/RESTRIC
Seq 9868  29-A  1251(1)(B)        Class E  Charged with INDICTMENT on Supplem

## Docket Events:

05/08/2006 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 05/08/2006

05/08/2006 Charge(s): 1,2
       HEARING - ARRAIGNMENT SCHEDULED FOR 05/08/2006 @ 1:00 in Room No. 1

       NOTICE TO PARTIES/COUNSEL
05/10/2006 Charge(s): 1,2
       HEARING - ARRAIGNMENT HELD ON 05/08/2006

       Defendant Present in Court

       READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
       DEFENDANT. 21 DAYS TO FILE MOTIONS
05/10/2006 Charge(s): 1
       PLEA - NO ANSWER ENTERED BY DEFENDANT ON 05/08/2006

05/10/2006 Charge(s): 2

Printed on: 12/29/2006

PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/08/2006

05/10/2006 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 05/08/2006

05/10/2006 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/08/2006

05/10/2006 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/08/2006

           COPY TO PARTIES/COUNSEL
05/10/2006 Party(s): DANIEL P OUELLETTE
           ATTORNEY - APPOINTED ORDERED ON 05/08/2006

           Attorney: NATHANIEL LEVY
05/10/2006 Charge(s): 1,2
           HEARING - STATUS CONFERENCE SCHEDULED FOR 08/08/2006 @ 8:00

05/10/2006 Charge(s): 1,2
           HEARING - STATUS CONFERENCE NOTICE SENT ON 05/05/2006

05/22/2006 Charge(s): 1,2
           HEARING - STATUS CONFERENCE NOT HELD ON 05/22/2006

05/22/2006 Charge(s): 1,2,3,4
           SUPPLEMENTAL FILING - INDICTMENT FILED ON 05/19/2006

05/22/2006 Charge(s): 1,2,3,4
           HEARING - ARRAIGNMENT SCHEDULED FOR 05/30/2006 @ 8:00

05/22/2006 Charge(s): 1,2,3,4
           HEARING - ARRAIGNMENT NOTICE SENT ON 05/22/2006

05/31/2006 Charge(s): 1,2,3,4
           HEARING - ARRAIGNMENT HELD ON 05/30/2006
           DONALD H MARDEN , JUSTICE
           Attorney: NATHANIEL LEVY
           DA: BRAD GRANT          Reporter: PEGGY STOCKFORD
           Defendant Present in Court

           READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT. 21 DAYS TO FILE MOTIONS
05/31/2006 Charge(s): 1,2,3,4
           PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/30/2006

05/31/2006 BAIL BOND - $5,000.00 CASH BAIL BOND CONTINUED AS SET ON 05/30/2006

06/19/2006 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 06/19/2006

06/19/2006 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 06/19/2006

06/22/2006 HEARING - BAIL HEARING SCHEDULED FOR 06/23/2006 @ 1:00

           NOTICE TO PARTIES/COUNSEL
06/26/2006 HEARING - BAIL HEARING NOT HELD ON 06/23/2006

DEFENDANT WITHDREW PETITION TO REVIEW BAIL
08/25/2006 BAIL BOND - $5,000.00 UNSECURED BAIL BOND FILED ON 08/25/2006

Bail Amt: $5,000
Date Bailed: 08/25/2006
08/25/2006 OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 08/22/2006

08/25/2006 OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 08/24/2006

09/12/2006 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 10/03/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
09/12/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 10/03/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
09/21/2006 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 09/20/2006

09/21/2006 MOTION - MOTION FOR FUNDS GRANTED ON 09/21/2006

COPY TO PARTIES/COUNSEL
10/03/2006 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 10/03/2006

10/03/2006 HEARING - MOTION TO SUPPRESS CONTINUED ON 10/03/2006

10/03/2006 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/08/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
10/03/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 11/08/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
11/08/2006 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 11/08/2006

11/08/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 11/14/2006 @ 12:00

NOTICE TO PARTIES/COUNSEL
11/08/2006 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 11/08/2006

11/08/2006 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/14/2006 @ 12:00

NOTICE TO PARTIES/COUNSEL
11/20/2006 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 11/14/2006

11/20/2006 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 11/14/2006

11/20/2006 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/30/2006 @ 2:00

NOTICE TO PARTIES/COUNSEL
11/20/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 11/30/2006 @ 2:00

NOTICE TO PARTIES/COUNSEL
12/29/2006 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 11/30/2006
NANCY MILLS , JUSTICE

Defendant Present in Court
12/29/2006 HEARING -  MOTION TO SUPPRESS STATEMENT HELD ON 11/30/2006

12/29/2006 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 12/29/2006

COPY TO PARTIES/COUNSEL
12/29/2006 MOTION -  MOTION TO SUPPRESS EVIDENCE GRANTED ON 12/29/2006

COPY TO PARTIES/COUNSEL                                    EVIDENCE
SUPPRESSED AS TO DEFENDANT'S LICENSE

A TRUE COPY
ATTEST: _____
                        Clerk