RLANo, SS
S OFFICE

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CRIMINAL ACTION
                                                  DOCKET NO. CR-07-2599

STATE OF MAINE

v.                                                ORDER ON DEFENDANT'S
                                                  MOTION TO SUPRESS
CHRISTIAN BROCARD,

       Defendant

The defendant argues that the stop and search of his car were not justified and that evidence obtained should be suppressed. The findings of fact made at the conclusion of the hearing are incorporated into this order by reference. For the following reasons, the motion to suppress is denied.

Officer Steindl's stop of the defendant's vehicle was justified. See State v. Izzo, 623 A.2d 1277, 1281 (Me. 1993); State v. Fillion, 474 A.2d 187, 190 (Me. 1984). The Cape Elizabeth police had been requested to patrol the Gulf Crest Complex because of prior a theft from a storage building. No activities were taking place at midnight to justify the presence of a sole vehicle, the defendant's vehicle, which was parked in the space closest to the storage building. The stop involved the minimal intrusion of the officer's parking his cruiser behind the defendant's vehicle and approaching that vehicle. See id. The inferences that cause on officer to pursue an inquiry must be reasonable. Izzo, 623 A.2d at 1280.

Marijuana constitutes contraband. 17-A M.R.S.A. §§ 1102(4)(B), 1114. The officer had probable cause to search the vehicle for contraband based on the odor of marijuana

A True Copy
Attest: _____
            Clerk of Court

1

in the passenger compartment of the defendant's vehicle.  See State v. Michael M., 2001

ME 92, ¶¶ 10-11, 772 A.2d 1179, 1183.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date:  February 26, 2008

Nancy Mills
Justice, Superior Court

A True Copy
Attest: _____
            Clerk of Courts