This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. A-1-CA-37080**

**GABRIEL MIERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant Gabriel Miera appeals the district court's amended order revoking his probation. Unpersuaded by Defendant's docketing statement, we issued a notice

of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, including what we construe to be a motion to amend his docketing statement, which we have duly considered. Remaining unpersuaded, we deny the motion to amend, and we affirm.

**{2}** In his docketing statement, Defendant raised three issues. [DS 8-10] In our notice of proposed disposition, we set forth the relevant background information and principles of law and stated our reasons for proposing to affirm. [*See generally* CN]

**{3}** First, we proposed to conclude that, even if we were to agree with Defendant that his adjudicatory hearing was not timely held, in violation of Rule 5-805(H) NMRA, we would propose to conclude that this violation did not require the district court to dismiss the petition to revoke his probation. [CN 4] *See* Rule 5-805(L) (providing that "the court *may* dismiss the motion to revoke probation for violating any of the time limits in this rule" (emphasis added)). In response, Defendant acknowledges the discretionary language of Rule 5-805(L) [MIO 5]; nevertheless, Defendant maintains that the district court erred by not dismissing the petition to revoke in this case. [MIO 4-12] Notably, Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our proposed disposition to this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d

2

683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Related to the untimely adjudicatory hearing issue, Defendant also now asserts that he was not released from custody, in violation of Rule 5-805(H). [MIO 9 ("In this case, the time limits were violated and [Defendant] *was not released.*"); *see also* MIO 8-9, 11]. *See* Rule 5-805(H) ("If the probationer is in custody and an adjudicatory hearing is not timely commenced as required by this paragraph, upon its own motion or upon presentation of a release order without a hearing required, the court shall order the probationer immediately released back to probation supervision pending final adjudication."). However, as discussed in our notice of proposed disposition, the record reflects that an adjudicatory hearing was scheduled for July 18, 2017; the State failed to appear at the adjudicatory hearing, so the district court dismissed the petition to revoke probation and the addendum to revoke probation, released Defendant from custody, and reinstated Defendant on probation; following that hearing, the State filed

an expedited motion to reconsider the dismissal of the petition to revoke probation and the addendum to revoke probation, which was granted; and Defendant failed to appear to the adjudicatory hearing scheduled for August 3, 2017, resulting in a bench warrant for his arrest. [CN 2-3] Defendant has not pointed out any error with these facts. [*See* MIO 3 (noting that Defendant failed to appear to a hearing on August 3, resulting in a bench warrant)] *See Hennessy*, 1998-NMCA-036, ¶ 24. Therefore, we are not convinced by the arguments made in Defendant's memorandum in opposition as to this newly raised issue.

{5}     Second, we addressed Defendant's challenge to the sufficiency of the evidence to support that he violated his probation. [CN 4-7] We noted that Probation Officer Wolf Fielenbach testified at the adjudicatory hearing, and the district court found that Defendant violated the terms and conditions of his probation by not reporting to his probation officer. [CN 5] We summarized the testimony as we understood it, and we proposed to conclude that there was sufficient evidence to support the district court's decision to revoke Defendant's probation in this case. [CN 6-7] In response, Defendant acknowledges that the probation officer testified regarding "[Defendant's] failure to report," but alleges that he did not provide specific details. [MIO 14; *see also* MIO 3] Defendant also challenges the other allegations made by the State in various petitions to revoke his probation. [MIO 14-15] Unpersuaded by Defendant's

4

arguments, we conclude that there was sufficient evidence to support the district court's finding that Defendant violated his probation. *See In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that in reviewing a sufficiency of the evidence challenge to support a probation revocation, "we view the evidence in a light most favorable to the [State], indulging all reasonable inferences and resolving all conflicts to uphold the [district] court's decision"); *cf. State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating that "although [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper").

{6}     Third, we addressed Defendant's contention that the district court abused its discretion by (a) reinstating the alleged probation violations and by (b) waiting for the prosecutor to appear at the sentencing hearing instead of calling the case and giving the defense an opportunity to be heard on a motion to dismiss for lack of prosecution. [CN 7-8] In our notice of proposed disposition, we suggested that Defendant had not asserted any prejudice that he suffered as a result of the district court's rulings; we noted that the district court imposed a $50.00 sanction against the prosecutor for arriving twenty minutes late to the sentencing hearing; and we indicated that we did not understand Defendant's argument that, due to the prosecutor's tardiness, he was

5

not given an opportunity to be heard on a motion to dismiss for lack of prosecution at the sentencing hearing. [CN 7-8] In response, Defendant summarizes the proceedings below and asserts, without establishing, that he was prejudiced by the district court's rulings. [MIO 15-18] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{7}    Additionally, Defendant now raises judicial bias and argues that "his prison sentence is disproportionate to the relatively weak evidence presented by the State that he violated his probation." [MIO 16-17] Because these latter issues were not raised in Defendant's docketing statement, we construe their inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled*

6

*on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{8} Defendant claims that this was his first alleged probation violation and the district court treated him unfairly. [MIO 17] He further asserts that "[t]his unfair treatment . . . violated [his] right to due process, right to an impartial judge, and by refusing to even call the case stripped [him] of his right to be heard." [MIO 17] We are not convinced that these are viable claims. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231 (stating that adverse rulings do not demonstrate bias); *State v. Fernandez*, 1994-NMCA-056, ¶ 21, 117 N.M. 673, 875 P.2d 1104 ("The mere fact that a judge has consistently ruled for or against one party cannot, standing alone, provide a basis for a finding of judicial bias."); *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313 ("Here, nothing indicates that [the] defendant's sentence was statutorily improper; a statutorily lawful sentence does not constitute cruel and unusual punishment."). Accordingly, Defendant's motion to amend the docketing statement is denied. *See Rael*, 1983-NMCA-081, ¶ 7 (stating that "allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal" and that "we look with disfavor upon the addition of issues not raised in the docketing statement").

{9}    For the reasons set forth in our notice of proposed disposition and herein, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**DANIEL J. GALLEGOS, Judge**